# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| S.F., b/n/f S.F. and S.F., <br>     Plaintiffs, <br><br> v. <br><br> MCKINNEY INDEPENDENT SCHOOL DISTRICT, <br>     Defendant. | § § § § § § § § § § | Civil Action No. 4:10-CV-323-RAS-DDB |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Plaintiffs' Opposed Motion for Attorneys' Fees (Dkt. 85). As set forth below, the Court finds that it should be GRANTED in part and DENIED in part and final judgment should be entered accordingly.

On March 30, 2012, the District Court entered an order adopting the undersigned's recommendation and findings that Plaintiffs herein are entitled to an award of attorneys' fees as a prevailing party. *See* Dkt. 73. The Court also ordered the parties to confer in good faith about the attorneys' fees to be awarded, and, if no agreement could be reached to file a motion for attorneys' fees. The parties were unable to reach an agreement, and a motion is now before the Court.

In their motion, Plaintiffs seek attorneys' fees "and related costs" in the amount of $252,507.14 along with post-and pre-judgment interest. Defendant argues in response that Plaintiffs failed to adequately segregate their fees as directed and that the amount requested is excessive given

their degree of success in their claims.

Under the IDEA, "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs—to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(A)-(B)(i)(I).

In its March 6, 2012 findings (later adopted in their entirety by the District Judge), the Court found that, although they did not prevail as to every counterclaim raised before the Special Education Hearing Officer, Plaintiffs succeeded on the significant issues raised by the Special Education Hearing Officer's ultimate finding and thus met the requirements of a prevailing party with respect to the claims on which they were successful. *See* Dkt. 69. As the Court noted, the only relief granted in the Special Education Hearing Officer's decision was in Plaintiffs' favor and materially altered the relationship between the District and Plaintiffs as to S.F.'s education.

The Court found, however, that the attorneys fees and costs award to Plaintiffs would be limited to those incurred in the preparation of the issues upon which Plaintiffs were successful at the due process hearing and the instant lawsuit to the extent they are severable. *See S.H. ex rel. A.H. v. Plano Indep. Sch. Dist.*, 2010 WL 1375177, 12 (E.D. Tex. 2010). As indicated by the Court, the fees awarded to Plaintiffs would be calculated by identifying a lodestar (reasonable fee multiplied by hours expended by the attorney on the case) and then possibly adjusted in light of the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1994) and the provisions for reduction of fees set forth in 20 U.S.C. § 1415(i)(3)(F) (allowing the court to reduce fees under IDEA if the court finds that (i) the parents or their attorney unreasonably protracted the

litigation; (ii) the amount exceeds the prevailing hourly rate in the community; (iii) the time spent was excessive; or (iv) the parents' attorney did not provide certain information to the educational agency in its complaint). *See Ruben A. v. El Paso Indep. Sch. Dist.*, 657 F. Supp.2d 778-89 (W.D. Tex. 2009). As to the provisions under 20 U.S.C. § 1415(i)(3)(F), the Court found that Defendant here was entitled to challenge the amount of fees awarded by arguing that (ii) the amount exceeded the prevailing hourly rate in the community and (iii) the time spent was excessive.

Plaintiffs were cautioned to support their request for fees with specific cites to the relevant billing records. Plaintiffs were also cautioned that the Court may reduce the amount of fees awarded if it finds that Plaintiffs unnecessarily protracted the dispute or failed to reach agreement as to a reasonable amount. Defendant was cautioned that the Court would wholly disregard any reasonableness challenges if the average rate charged or time spent by Plaintiffs' counsel is less than or essentially equal to the average rate charged or time spent by Defendant's counsel.

In its prior report and recommendations, this Court declined to consider Plaintiffs' argument that the District unreasonably protracted this litigation such that it could not object to the amount of fees pursuant to 20 U.S.C. § 1415(i)(3)(G) and declined to award sanctions under 28 U.S.C. § 1927 for bad faith or unreasonable conduct by the District. The Court further declined to award Plaintiff prejudgment interest on any fees awarded or fees for copies of materials under 28 U.S.C. § 1920(4). With its prior rulings as a framework, the Court now examines the materials submitted.

## STANDARD

"A finding that a party is a prevailing party only makes him eligible to receive attorneys' fees under the IDEA; it does not automatically entitle him to recover the full amount that he spent on legal representation." *Jason D.W. by Douglas W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998); *see also Ector County Indep. Sch. Dist. v. VB*, 420 Fed. App'x 338, 343 (5th Cir. 2011). The Fifth Circuit has made clear that "[w]hether a party is a prevailing party is a separate question from what amount of attorney's fees the party is entitled to receive." *Ector County Indep. Sch. Dist.,* 420 Fed. App'x, at 345. In an IDEA case, attorneys' fees are determined by first calculating a lodestar fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *Jason D.W.*, 158 F.3d at 208-209. The court then looks to the twelve factors established in *Johnson* to consider whether the lodestar figure should be adjusted. *Id*.

## ANALYSIS

Before the Court addresses whether and how Plaintiffs' fees should be reduced, it is necessary to separate Plaintiffs' counsel's pre-suit and post-suit time, as some of the issues raised during each phase were different and had differing degrees of success.

This case was filed in June 2010. According to the chart presented by Plaintiffs, $47,502.49 in fees were incurred for the services of E. Russell (from September 2010- July 2012), $15,439.50 in services were incurred were for the services of J. Hollis (from February 2011 to June 2011), and $13,387.06 in fees were incurred for the services of D. Philpot (from August 2011 to June 2012).

*See* Dkt. 85 at 12. These $76,329.05 in fees are all clearly post-suit fees and will be treated as such herein.

As for pre-suit fees, Plaintiffs list a total of $16, 837 for the services and costs related to Y. Muniz (from December 2009-July 2010), and $119,980.38 in fees for the services of D. Philpot for "pretrial" (from September 2009 to July 2011) and $10,257.50 in fees for the services of D. Philpot for "trial" (from September 2009-July 2011). Without greater specification from Plaintiffs, the Court will treat all of these fees as pre-suit fees relating to the proceedings before the Special Education Hearing Officer. Philpot also lists $29,103.21 as related legal costs and fees which, based on the descriptions given, also appear to be primarily related to the hearing before the Special Education Hearing Officer. Thus, the pre-suit fees Plaintiffs seek to recover total $176,178.08.

The Court first looks to whether the amount of Plaintiffs' fees exceeds the prevailing hourly rate in the community. 20 U.S.C. § 1415(i)(3)(F)(ii). Depending on the attorney involved and the status of the case, Plaintiffs' counsel charged anywhere from $225 to $275 an hour. As to the factors in *Johnson,* the Court finds that prosecution of such IDEA claims at the administrative level is a specialized legal field, is fact intensive, and requires an attorney with experience in the field, like Plaintiff's counsel. The Court finds that the hourly rates charged in this case were reflective of the prevailing rates in the community, and, as noted by Plaintiff, appears to be in line with the rates charged by Defendant's counsel in this matter. *See* Dkt. 31-5. The Court will not reduce the fee award based on the hourly rates charged.

With that matter resolved, the Court turns to whether the time spent by Plaintiffs was excessive and whether any of the other *Johnson* factors and IDEA provisions not already contemplated by the Court's rulings as to the rate charged by counsel apply. In looking to the *Johnson* factors, the Court looks to "(1) the time and labor required for the litigation; (2) the novelty and complication of the issues; (3) the skill required to properly litigate the issues; (4) whether the attorney had to refuse other work to litigate the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) whether the client or case circumstances imposed any time constraints; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case was "undesirable;" (11) the type of attorney-client relationship and whether that relationship was long-standing; and (12) awards made in similar cases. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 329 (5th Cir. 1995) (citing *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1994)). And in looking to the factors under 20 U.S.C. § 1415(i)(3)(F), as limited by its prior rulings, the Court looks to whether (ii) the amount exceeds the prevailing hourly rate in the community and (iii) the time spent was excessive.

Defendant's primary area of attack is that Plaintiffs did not succeed on all of their claims or areas of requested relief and had limited success on the relief they actually sought before the Special Education Hearing Officer. The Court finds that the majority of such arguments are an attempt to rehash the Court's findings that Plaintiffs – although not wholly successful as to each and every issue raised – were the prevailing party and are entitled to fees as to the time charged in pursuit of the

IDEA claims and the provision of a FAPE to S.F. The Court further notes that the time spent on this case has spanned over a period of three years, with lengthy and substantive briefing presented by both sides. Nonetheless, as the Court indicated in its earlier report and recommendations, to the extent possible, Plaintiffs must sever those fees incurred in the preparation of the issues upon which Plaintiffs were successful at the due process hearing and the instant lawsuit. *See* Dkt. 69 at 31 (citing *S.H. ex rel. A.H. v. Plano Indep. Sch. Dist.*, 2010 WL 1375177, 12 (E.D. Tex. 2010)).

The Court first addresses Defendant's specific challenges to Plaintiffs' fee request. Defendant challenges: (1) $21,842.50 of Plaintiffs' fees as charges for either clerical tasks or services unrelated to this civil action or the underlying due process hearing; (2) $6,016.64 in non-taxable costs were included in Plaintiff's attorney's fee bills; (3) $787.50 in fees billed for work done in connection Plaintiffs' assertion that the statute of limitations did not apply, which was ultimately denied by the Special Education Hearing Officer; (4) $1,372.50 billed for the preparation and service of discovery after the deadline; and (5) $1,147.50 billed for fees relating to Plaintiffs' request that the due process hearing be videotaped, which was denied by the Special Education Hearing Officer.

As to the challenge of the $6,016.64 in non-taxable costs, to which Plaintiffs provide no response, the Court agrees that they should not be included in the fee award. As to the $1,372.50 billed for the preparation and service of discovery after the deadline and the $1,147.50 billed for fees relating to Plaintiffs' unsuccessful request that the due process hearing be videotaped, the Court finds that neither issue did ultimately impact – or *could have* ultimately impacted – the material alteration of the relationship between the District and Plaintiffs as to S.F.'s education, and, because they are

clearly severable, they should be deducted from the total of Plaintiffs' fees subjected to a lodestar analysis. Similarly, the $787.50 in fees for work done in connection Plaintiffs' assertion of an ultimately failed statute of limitations argument, is severable and there is no showing as to how the issue would have materially altered any of the ultimate findings as to S.F.'s education and the provision of a FAPE to her. Therefore, it will not be included in Plaintiffs' fee award.

As to the $21,842.50 of Plaintiffs' fees which Defendant claims are charges for either clerical tasks or services unrelated to this civil action or the underlying due process hearing, the Court agrees with Plaintiffs that a portion of modern legal practice is email correspondence and review of electronic mail transmissions. The Court also agrees that it is not clear how the tasks billed are unrelated to the underlying action, as Defendant claims. Nonetheless, at least some of the billing entries do reflect cursory clerical tasks, not legal services (i.e. "printed TS entries for use at mediation," "scanned in and emailed copy of documents to MW," "dropped off exhibits for duplication"). *See* Dkt 86-2. The Court finds that these fees should be reduced by $5,000 to account for any clerical or other tasks which should not be charged at attorney rates. Based on these specific challenges by Defendant, the Court will reduce what it has designated as Plaintiffs' "pre-suit" fees by a total $14,324.14, leaving $161,853.94 for further analysis and reduction.

As it has previously noted, the Court finds that Plaintiffs' pre-suit fee award should be reduced to account for Plaintiffs' lack of success as to certain counterclaims raised to the Special Education Hearing Officer. Even if, as Plaintiffs claim, some of the time spent on specific issues was "subsumed within the work establishing the District's general denial of FAPE and Plaintiffs'

status as the prevailing party," *see* Dkt. 85 at 4, not all of the time was. Attorneys' fees should reflect the degree of success obtained, and Plaintiffs' fees should therefore be reduced to account for time spent on those issues upon which they were not successful. *Jason D.W. by Douglas W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 210 (5th Cir. 1998) (district court did not abuse discretion in determining that fees should be awarded proportionally when the plaintiff only prevailed on three of nineteen issues presented to hearing officer).

Plaintiffs have argued that the time spent on unsuccessful issues was minor and intertwined with time spent on successful issues and "cannot be segregated from time spent on the crucial, core claims." Dkt 85 at 3-4. Plaintiffs claim that "it is virtually impossible to identify precisely the time spent by either party on the individual claims on which Plaintiffs did not prevail." Dkt. 85 at 4. The Court is not convinced by this argument, and Fifth Circuit precedent indicates a reduction in fees in IDEA cases is appropriate when a party does not succeed on all issues presented to the Special Education Hearing Officer, even if that party is considered a prevailing party overall. *See Jason D.W.*, 158 F.3d at 210. And, because Plaintiffs did not attempt any segregation of time or reduction of fees, the Court will do so for them.

There is some disparity in the record as to how to characterize successful and unsuccessful issues.[1] As the Court noted in its March 2012 report and recommendations, the Special Education

---

[1]Defendant contends that Plaintiffs only succeeded on three of eleven counterclaims, a 27% success rate. *See* Dkt. 86. Plaintiffs' motion argues that "Plaintiffs obtained eight of the 11 items of relief requested in the original complaint, " a 73% success rate. Dkt. 85 at 3. Plaintiffs later state that there were ten counterclaims upon which they did not prevail, a 44% success rate. *See* Dkt. 85 at 4. The Court has already addressed the parties' differing characterizations of what

9

Hearing Officer found for Plaintiffs on only 7 of their 18 counterclaims. *See* Dkt. 69 at 30. Thus, Plaintiffs were not successful as to 62% of the counterclaims pleaded. Even so, however, as the Court has previously noted, the *only* relief granted by the Special Education Hearing Officer was for Plaintiffs. And, the Court agrees with Plaintiffs' assertion that "[o]f the 18 allegations, those at the heart of the denial of FAPE and that required the bulk of legal work related to S.F.'s IEPs, the 'least restrictive environment' ('LRE') in which she could receive a FAPE, her BIP, her communication needs, and her parents' lost opportunity to participate in the decision-making process." Dkt. 85 at 3. And all of those issues were decided in Plaintiffs' favor. Therefore, the 62% percent will not be directly applied in the reduction of fees. Taking into account Plaintiffs' overall success as to the gravamen of their complaint – the denial of a FAPE to SF – as well as the time that would have been spent on such legal work whether the unsuccessful claims were raised or not, the Court will reduce that percentage by 50% and finds that Plaintiffs' pre-suit fees should be reduced by 31% for those issues or theories of recovery on which they did not prevail. The Court finds such a reduction reaches a balance in accounting for both the independent work on the unsuccessful claims (which even Plaintiffs have claimed were, at best, 73% of their requested relief) and the work which would have been required of counsel even if those claims had not been raised.

As to Plaintiffs' counsel's fees incurred since filing suit, the Court is not convinced by Plaintiffs' argument that the time spent on certain issues, including Plaintiffs' claims under the ADA,

---

should have been considered a success before the Special Education Hearing Officer in its 37 pages of findings as to whether Plaintiffs prevailed therein. It will not reopen this issue.

Section 504 and Section 1983, is not severable from their other work. *Jason D.W.*, 158 F.3d at 211(rejecting argument that the nature of a special education case is such that the issues are so interrelated that it is impossible to determine how much time was spent on each issue). That Plaintiffs' counsel's time records may not have adequately isolated the time spent on those claims does not mean that the fee award should not be reduced. Indeed, Plaintiffs' Complaint dedicates approximately 12 of its 35 pages – more than 30% – to Plaintiffs' Second, Third, Fourth and Fifth Causes of Action under the ADAA, Section 504 and Sections 1983 and 1988. *See* Dkt. 1 at 20-33. Even 10% of Plaintiffs' briefing in this matter and 10% of the Court's analysis in its report and recommendations addressed those unsuccessful claims. *See* Dkt. 46 (3 of 30 pages of Plaintiff's summary judgment argument); Dkts. 52 & 59 (1 of 15 pages of summary judgment response argument); Dkt. 69 (3 of 25 pages of the Court's analysis). Plaintiffs did not prevail on those claims, and the Court will not disregard that time as unseverable. Therefore, because they have not been adequately severed by Plaintiffs, the Court will reduce the total post-suit fees herein by 15% to account for the time spent on these unsuccessful claims asserted in the underlying litigation.

Therefore, for the reasons set forth herein and having examined the record under the governing authorities, the Court finds that Plaintiffs' original fee request of $252,507.14 should be reduced. Plaintiffs' original request of "pre-suit" fees totaling $176,178.08, should be reduced by a total of $14,324.14 for time and tasks which were not reasonably billed or are severable on the face of Plaintiffs' counsel's billing records, and that the remaining $161,853.94 should be reduced by 31% to account for time spent on the issues upon which Plaintiffs did not prevail before the special

education hearing officer to total $111,679.21. Plaintiffs' original request of "post-suit" fees totaling $76,329.05 should be reduced by 15% for the time spent on the claims raised in the underlying suit upon which they were not successful to total $64,879.92. As to the $252,507.14 in original fees requested, the Court finds that Plaintiffs should be awarded $176,559.13 for their fees as a prevailing party.

The Court has also reviewed the additional fee invoices submitted by Plaintiffs for fees incurred since July 6, 2012. The fees submitted total $3,789.00 and are mainly those incurred in conjunction with preparation of Plaintiffs' five-page reply to Defendant's response to the motion. The Court finds that such fees are excessive. The Court finds that, given the length and legal issues briefed and the hourly rate charged, such a reply could have reasonably been prepared by a single attorney, without much, if any, conference with co-counsel. Thus, any award for the time of L. Philpot in the amount of $714.00 would be duplicative and unreasonable. The Court also finds that the $3,075.00 in fees submitted by E. Russell should be reduced by 2 hours for some of the time attributed to conferences with co-counsel. Therefore, there being no other objection to the award of fees by Defendant, the Court finds that an additional award of $2,575.00 for the post-motion briefing is appropriate.[2]

Plaintiffs' request to reconsider the denial of pre-judgment interest should be denied and it should not be added to Plaintiffs' fee award for the reasons set forth in the Court's previous report

---

[2] The Court notes that Plaintiffs already properly discounted any time spent on a motion to exceed the Court's page limitation.

and recommendations.

Finally, the Court addresses intimations by both sides that neither has acted in good faith in seeking to resolve the attorneys' fees amount without Court intervention. The Court finds that, rather than bad faith conduct, the record herein indicates a genuine and good faith dispute as to the amounts owed. Thus, it has not factored the parties' settlement negotiations, conduct, or intentions in its findings herein.

## RECOMMENDATION

Therefore, Plaintiffs' Opposed Motion for Attorneys' Fees (Dkt. 85) should be GRANTED in part and DENIED in part, Plaintiffs should be awarded attorneys' fees in the amount of $179,134.13, and final judgment should be entered in this matter that Defendant shall take nothing by its counterclaim here, that Plaintiffs shall take nothing by their ADA and Sections 504 & 505 claims, that Plaintiffs' claims under Section 1983 and 1988 are dismissed, and that Plaintiffs are awarded attorneys' fees in the amount of $179,134.13 as a prevailing party.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge regarding the motion to dismiss. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*,

474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 28th day of February, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE